v. Universal Smart Contracts Mr. Schmidt, you have reserved two minutes for rebuttal. You may proceed with your first eight. Thank you. I'm Tom Schmidt, counsel for appellants. I want to make clear we're here today pursuant to a special appearance that was filed below, and I was admitted pro hoc v. chae in order to practice before this court. Kind of looking at the case from a bigger picture standpoint, from y'all's perspective, how do you address this matter? It seems to me sort of the easiest approach is to resolve this with the venue issue. The court can look at this and say, listen, there's this case pending in the Southern District of New York. Literally none of the parties, none of the lawyers, and none of the issues in any way touch the state of New York. There is therefore no basis for venue. Venue was improper, and the case should have been dismissed for improper venue. The argument was that these folks all had something to do with the van company, right?  So there was an unfair practice proceeding brought in New York against a New York company, New York Party Shuttle. That case is resolved for all intents and purposes today. This is an alter ego inquiry. It has nothing to do with that company. But if it's an alter ego, then it has everything to do with that company, right? If you are the alter ego of the New York company, then you are a New York actor. Yes, but that doesn't have anything to do with the state of New York, right? In other words, if a company is in Wyoming and it's liable for the debt, and I'm sort of assuming alter ego, because the government hasn't told us why they're asking these questions. They're obviously looking for liability, joint liability on the underlying. As an employer, right? I mean, you don't need to be an alter ego to be an employer. Certainly, you could say it's a—I mean, there's a lot of different theories. That's why I'm correcting myself about alter ego, alter ego obviously being one potential one. All we know is they've subpoenaed records from companies that have never been to New York. They've never had a person here, never had an employee here, never done business here, none of those things. And the inquiry that is at issue is in the subpoena, right? It's what is the subpoena looking for? Is it looking for employment in the state of New York? Okay, well, that would be an inquiry related to New York. An inquiry as to what assets you have in Texas is not an inquiry related to the state of New York. And I think in the alternative, the court could have looked at this and obviously had discretion in this case to transfer the case to Texas where there is personal jurisdiction, where there is subject matter jurisdiction. Well, we're really talking about a statute, right? I'm sorry? We're talking about the NLRA. We're talking about 29 U.S.C. 161, which gives the NLRB the ability to require evidence from any place in the United States and direct them to come to any place of hearing in the United States, right? That is their position. So they get to do it. That's what they did. And we don't disagree with that as a statement. I didn't think you could. However, there are constitutional limitations on that. Then the next question is if somebody is not complying with those subpoenas, well, then the NLRB gets to go to court to aid in compelling the production of evidence, right? True. And so there it says that the NLRB can go to a court where their inquiry is taking place or where the target of the subpoena resides or does business. Correct. And so, I mean, we're really focused. Nobody's saying that you or your fellow appellants here reside in New York. But the inquiry, why isn't the inquiry being carried on or within New York? Well, first of all, there's literally no case in this circuit or otherwise that says on these facts the inquiry is taking place in New York. But why wouldn't it be? I mean, the language of the statute is the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person is guilty of refusing to obey the order. So the inquiry here is being conducted out of New York. You're not disagreeing with that. I do disagree with that. Why do you say that? Because this is not the unfair labor practice inquiry. So here's how I come at this, right? So we have a constitution that says there's a baseline rule, there must be jurisdiction. There are exceptions to that, limitations to that that come out. Their argument, and I think this is unconstitutional in my humble opinion, but their argument is that by saying where the inquiry is or where the person resides, they're fiatting over personal jurisdiction and subject matter. I thought you started this whole line of discussion on the theory that venue is really what we ought to be focused on. And so that's why I'm looking at the statute. The statute gives the NLRB the authority to come into a court and a court that has venue is one where the inquiry is being conducted. Well, so the second part of the clause, which says where the defendant can be found, that's obviously echoing the venue jurisprudence, right, is you sue the defendant where they are and venue is proper there. So obviously if they were suing these entities in Texas, there would be no jurisdiction, subject matter jurisdiction, or venue complaint. What they're trying to do is trying to limit that jurisprudence and say, hey, listen, if it's the inquiry, then it should be an exception to having to sue them where they are. Well, there's a couple of problems here. The statute doesn't say where the underlying case is. It doesn't say where the inquiry with where the company is, but that can't be. No, I'm not. What I'm doing is I'm saying the inquiry is what's in the subpoena, right, because that's the inquiry. The subpoena is we're asking for something. That's not a case. That's not allegations. That's not an adjudication. That's an inquiry. We're asking for something in the subpoena, and all of that subject matter is not in New York. It's in Texas. The subpoena is issued from D.C., returnable in D.C. The lawyers here are from D.C. There's literally no connection on either side with the state of New York, and so that implicates personal jurisdiction, subject matter jurisdiction, and venue. Let's use the term investigation instead of inquiry. If you had an investigation being conducted out of New York where you had everything happening in New York, but to further the investigation, you had to get something in Texas. Nobody would define investigation as narrowly as you're defining it. Well, if you need something in Texas, that investigation for that, for those documents, is in Texas. The inquiry is a much broader concept, which is the violation occurred here, the conduct occurred here, the hearing occurred in New York, and the first enforcement proceeding occurred in New York. So it's not as if nothing happened in New York. Everything happened in New York, other than the fact that in trying to find an alter ego company, they need some documents in Texas. Yet you want us to say, forget about all the stuff that happened in New York. The inquiry now is about Texas. And I don't know what the basis would be for using that type of narrow definition of inquiry. Well, I think the court, I don't think you have to do this today, but you could adopt a rule whether it has to be narrow or broad in terms of what the inquiry is. But let's make the assumption that the rules, it's the broad interpretation of inquiry. That inquiry that you're talking about is already over. That's past tense. No, they don't have, they're trying to enforce it. It's not over, right? They're trying to enforce it. They're trying to expand it. They're trying to add additional liable parties. Against new parties who are not parties. New parties who are associated with the old party. Well, that's an allegation. Of course, we don't agree with that. Well, that's so different than, you know, in a criminal case where somebody is charged and then there's a superseder saying we want to bring in more people who are co-conspirators. Yes, and those. You can say, well, I. But those people would have to be served, right? They have their own constitutional protections because they didn't, they're not even accused of having committed an unfair practice. And they don't reside here. They had no business here. It's not like this is a sister company based in New York. Well, but I guess I'm not sure what is the constitutional bar to this. I mean. Well, on the venue issue, my point was you guys can decide the case based on the venue issue and then you don't have to reach personal jurisdiction or subject matter jurisdiction which raise severe constitutional questions, precedential issues, all those things. The court can say there was no connection to New York for this subpoena, for this inquiry. Therefore, it should be litigated in Texas. So in order to do that, we have to interpret this statute. I mean, there is a legal, there would still be a legal interpretation there. The legal interpretation would be this contested question about what the place of the investigation is. Inquiry, but yes.  And so I take it your position is you're not challenging or maybe you're alternatively challenging the exercise of discretion and declining to transfer, but you're saying there's no venue in the first instance. And in order to determine, you're not denying that the statute says what it says. So in order to say that there's no venue in the first instance, we'd have to conclude that the place of the inquiry in this case is not New York. Yes. Okay. And then we do, assuming that that were not the case, we further say the court abuses discretion by not transferring. Because if the case where there's no connection from the defendants or the moving party to the forum, if that's not an abuse of discretion not to transfer, by the way, there's other things like the Fifth Circuit is the one that made the decision on the underlying finding. Can I just ask you a practical question? Aren't we just talking about documents here? Assuming there is venue here, it's a question of convenience or abuse of discretion. Well, I mean, it rises- What's the difference between producing the documents in Texas and New York? Well, producing the documents is not the issue. The issue is where the litigation is, right? And first of all, this court has ruled in the Gucci America case that- Maybe you misunderstand my question. My question is assuming it can be brought in New York for venue purposes, and the argument is whether or not it should be transferred because it was an abuse of discretion. If it's only about you and your companies producing documents, what's the difference? What's the cost of this case being in New York versus it being in Texas to producing documents? So first of all, there's that traditional analysis of the cost and the burden on the defendant of having to litigate here. I had to get special permission to join this court. When I arrived, when I argued in the Fifth Circuit a month ago, I brought my laptop, all my briefs and everything were electronic. You're talking about the appeal. I'm talking about the subpoena, responding to the subpoena itself. But it's not, again, it's not responding to the subpoena. It's the enforcement proceeding, right? Because the subpoena can be issued from Washington, D.C. to Texas, and if the defendant agrees to respond, that's okay. It's not the document production. It's the litigation over do we have to produce the documents. And here there was this procedure where we filed a Rule 12 motion on multiple counts, and the response was denied, you're ordered to comply, and here's sanctions for noncompliance. We never even got to have an actual merits hearing on whether or not these subpoenas are valid when there's absolutely zero showing of any connection between these companies. And so, again, it may not have been a venue issue that resulted in that. I'm not necessarily saying it is, but that's the kind of thing that defendants, that's why they want to be sued in their home forum, right? And then the other thing I'll say is that that Gucci America case says, okay, first of all, there's subpoenas, and that's a little higher bar than some other matters. But when you talk about punishment and contempt, which is what we have here, well, all of a sudden that venue makes a big difference to the responding party. And that's why I think, you know, it's the case was brought in the wrong forum. It should have been brought in Texas. Two quick other things. I don't think it was appropriate to punish parties for asserting jurisdictional challenges. Not even, no one's accused us of making some frivolous argument. There's been no accusation of wrongdoing, and yet these little companies and an individual are jointly and severally found to owe all these attorney's fees. I think that was inappropriate. I don't think the government met its burden of segregating the attorney's fees. Certainly in order to bring these subpoenas, there was an analysis of, is there some sort of joint employer alter ego? If not, they're frivolous on their face. And none of that was segregated out of the attorney's fees bills. And so there are rules that courts set as if you want to seek attorney's fees and you prove them up, you have to meet these requirements. And the district court did not hold them to any of those standards. She just said, oh, we're going to award all these fees. Well, I mean, the statute does contemplate that a court may punish somebody who doesn't comply as a contempt. So does that give the court basically the authority just under its general contempt powers? A hundred percent the court can punish contempt. You're not disputing that. Our issue is there was no contempt here. There was never a hearing. No one was ever accused of contempt. No one ever was told, answer it in 30 days or we're going to impose attorney's fees. That didn't happen. We filed a Rule 12 motion. That was it. We didn't assert anything on the merits. And all of a sudden the court says, number one, denied. Okay. That's okay. Number two, on the merits I'm deciding you have to comply with the subpoena. I'm not going to give you an opportunity to contest it on the merits. And, oh, by the way, number three, you're going to be punished by being forced to pay $40,000 in attorney's fees joint and severally, not dividing it between the parties, not looking at the conduct or anything like that. And so if this court disagrees with every other argument we made, we ask that you remand the case for a determination on the merits of the subpoenas because we were never given the opportunity to contest whether they were reasonable in the first place. Well, what's tricky about that is the court issued a show cause order. It says tell me why I shouldn't order you to comply with this. And I understand if this had proceeded, if the only fact here was that the government had filed a motion or you filed a motion to dismiss on the threshold jurisdictional grounds and didn't get into the substantive objections at that stage, that would make some sense. But the court here issued a show cause order that said tell me all the reasons why I shouldn't issue this. And it sounds like now you've identified some substantive non-threshold jurisdictional issues you want to raise that you didn't raise in response to the government. What is there to have a hearing on given your response to the show cause order? Well, remember, this is not an ongoing lawsuit. The only thing that was there was the initiation of an enforcement proceeding and a show cause order. So the way we interpret that, and I don't think there's a case that says otherwise, is that now the rules kick in. And if you object to jurisdiction of the issuance of the show cause order, you do that first. And the whole idea is that if there's no jurisdiction, the show cause order is not valid and the case gets dismissed. So we didn't, I mean, just like if you sue me and say you owe me $100,000, I don't have to answer that until after I assert my Rule 12 motion and it's denied. And so that was the procedural framework we were operating under was here's our Rule 12 motion. If it's denied, our next move will be to respond to the show cause order and say here's why we think the subpoena is overbroad. There's no evidence that any of these companies have any connection with the alleged unfair practice and the companies involved in that. The subpoenas themselves are grossly overbroad. They're not reasonably calculated to lead to the determination of alter ego. They're about the assets of the defendant, which doesn't have anything to do at this point with a reasonable inquiry. None of those debates happened here. It was just fiat it over, pay the fees, issue, respond to the documents. All right. Well, you have reserved two minutes for rebuttal, so we'll come back to you, but we'll hear from Ms. Leonard for a few minutes now. Good morning, Your Honors. May it please the Court, Amanda Leonard for the National Labor Relations Board. Then I'll be asked that this court affirm the lower court's decision in all respects. Enforcement of the subpoena should stand along with the award of attorney's fees. The Southern District of New York correctly declined to dismiss this case for lack of jurisdiction or for improper venue, and that is simply because of the statutory provisions of the act. So let me ask a question about that, because I fully understand how the act could create subject matter jurisdiction. And I fully understand how the act can create venue. And I accept your arguments that it does that in this case in both counts. Personal jurisdiction is not something that we historically look at as a creature of statute. It's a constitutional concept. And so one of the things I'm trying to figure out is how can a statute say that the Southern District of New York has personal jurisdiction to hear this case, and when the constitutional over is what governs it? Yes, Your Honor. Congress did grant jurisdiction to the district courts within Section 11 of the act. Subject matter jurisdiction. Personal jurisdiction as well. Can Congress grant personal jurisdiction by statute independent of the overriding constitutional framework that we normally apply to personal jurisdiction? There still needs to be a meeting of the constitutional protections of due process, Your Honor. And that is met here through minimum context. But not the due process test we normally apply. Correct, Your Honor. How do we know when Congress has dispensed with, I guess, our international SHU framework? What are the magic words that we look for to see whether Congress has created a different framework for assessing personal jurisdiction? Well, I would point to a case from this circuit, Mariash v. Morel from 1974, that talks about agency subpoena enforcement cases. And how personal jurisdiction, the minimum context is not with the forum district itself but with the United States as a whole. Because the United States is exercising its jurisdiction over the defendants. So if there's nationwide service, then it's not that personal jurisdiction doesn't exist. It just becomes national versus New York State, right? Correct, Your Honor. Was the Mariash case an agency enforcement issue or was it a civil suit under the Exchange Act between private parties? I don't have the facts in front of me right now, Your Honor. But that is a case that has provided precedent for administrative subpoena enforcement cases. Going to venue, as appellants were discussing, the Southern District of New York is where the inquiry is carried on. The inquiry is not the subject matter of the subpoena itself, but is the place where the history of the subject matter of the inquiry has taken place. There's a number of factors that courts have looked at to interpret this term inquiry. If you look at NLRB versus Cooper Tire and Rubber out of the D.C. Circuit, there are factors such as the place where the agency held its hearing, the place where it made the decision to authorize the investigation. These all point to the Southern District of New York. It is not the Southern District of Texas that should be hearing this matter. And in that regard, appellants never made a strong showing that this case should be moved to the Southern District of Texas for the interest of justice or the convenience of the parties. The lower court's decision to not transfer this case was within their discretion and should receive deference by this court. Well, what you're saying is that they never really explained why this would be a particular hardship for some of the reasons Judge Bianco was referring to before. Correct, Your Honor. Even though they have complained about having to litigate it 1,500 miles from where they live, they have been able to fully participate the last two years in this case through electronic filing, electronic communication. Modern technology really makes this a much easier case to litigate from afar. In fact, subpoena enforcement cases are typically summary in nature. There is typically not in-person testimony or physical presentation of evidence. This is appropriately in the Southern District of New York, and appellants can readily- Well, it's appropriately in Southern District of New York because this is where the inquiry is taking place. You're coming back to that language of the statute there, right? Correct. I mean, the SEC statute is a little different, right, in terms of where it says a court. In other words, the violation took place in a particular court. I mean, it may not make a difference here, but it is different language. Would you agree with that? The SEC statute, Your Honor? The statute that gives the SEC nationwide service authority. I think it's similar in some ways, and I think that those cases interpreting the SEC statute can be used in interpreting the NLRB statute for subpoena enforcement. And it is where the inquiry is carried on. That can be interpreted to be in the Southern District of New York. So what is the inquiry? I mean, what we're hearing from Mr. Schmidt is he doesn't even understand what this inquiry is about because nobody's telling him. So what is it? What is the goal? You have a judgment with respect to a company that's now belly up, and you're looking to expand the potential liable parties to cover that judgment. Is that fair? That's correct, Your Honor. Yes, this was a case over 10 years old that started in the Manhattan regional office of the NLRB and is still an active case there because there is still some compliance issues. Well, I mean, that's where the person who brought the complaint resides. He was in New York, and that's where he got fired. Correct, Your Honor. And so the goal is to see if there's other people or entities that are liable for that fire. Correct, Your Honor. There was actually a prior subpoena enforcement action in the Southern District of New York in this same case in 2015 for subpoenas that were sent to companies, some of which were located outside of the New York area, and the court enforced those subpoenas. Can I ask you about the attorney's fees? There was no finding of, like, frivolousness with respect to the arguments, like inquiry. What does inquiry mean? So what's the basis for the award of fees? There was no finding of that nature. Courts have granted attorneys fees in NLRB subpoena enforcement cases in the past by analogy to Rule 37 of the Federal Rule of Civil Procedure, which is meant to discourage any delay or non-cooperation in discovery matters. And even though this is not a discovery case, there is a similar goal of making sure things move swiftly with subpoenas and gathering evidence during an investigation of the federal government. Here, the subpoenas were issued almost three years ago, and there has been not any cooperation or communication from the appellants to try to partially produce documents or to talk through a production schedule or create a confidentiality agreement. There has been no communication or cooperation, and there has been numerous procedural obstacles creating this two-year-long litigation over the enforcement of the subpoenas. Procedurally, I'm a little puzzled by sort of where things live. There was an enforcement action in the Fifth Circuit, is that right? Correct, Your Honor. So why was that there and this is here? Was that because somebody else was making the decision about where to bring the action? That was a decision made by someone else, Your Honor. But was that an NLRB-driven decision or the respondents to the subpoena-driven decision? I would have to look back at the record to see for sure, Your Honor. But again, I would just point out that the Southern District of New York has heard previous subpoena enforcement matters. And there's some reference, and I guess I can ask a colleague this, but there's some reference in the appellant's brief to a prior motion to quash the subpoena in the Southern District that was about a month before this subpoena. Was that a similar subpoena? No, Your Honor. That was a subpoena directed to Bank of America. I want to come back to the fees. So you said the NLRB has gotten fees before attorneys' fees? Yes, Your Honor. And that's pursuant to Section 2 of 161 of the NLRB, of the NLRA? That's 29 U.S.C. 161 basically says that a court may sort of enforce things or punish noncompliant subpoena recipients as a contempt thereof. And so contempt usually requires some findings. You're saying here delay is enough of a basis for a court to say I'm going to make you pay attorney's fees? Correct, Your Honor. Courts in this circuit have decided that in the past, the Eastern District of New York and NLRB v. D.N. Callahan. They awarded NLRB fees and costs associated with a motion to compel compliance with administrative subpoena. And they did point to Rule 37 of the Federal Rules of Civil Procedure for that. Is there anything precedential for us that we can turn to to sort of bolster the sense that the NLRB, that there's authority to do this? Not in this circuit, Your Honor, but there are some cases in some other circuits I can point you to. Are they in your brief? They are, Your Honor.  All right, anything else you wanted to cover? Ms. Leonard? No, Your Honor. The NLRB would just again ask that you affirm the decision in all respects. Thank you. All right, thank you. Mr. Schmidt, we'll give you two minutes for rebuttal. So addressing a couple things that were said, Judge Robinson, I think, accurately pointed out that personal jurisdiction is a constitutional issue. And Congress's power or the executive branch's power to modify that may not be zero, but it certainly should be limited. So what do we do with the Marias case, right? I'll grant you that the language isn't identical, but the operative language seems very similar. Well, so there's a bunch of reasons, right? And some of them weigh in favor of a similar result in NLRB cases. The reason that the examples we talk about are bankruptcy and SEC are because those issues tend to be national issues, first of all. So if a company is in Utah making securities fraud activities addressed to the entire United States, the government ought to be able to enforce that in D.C. or in New York because they're doing it nationally. But as applied to a non-participant company in a foreign jurisdiction. The whole point of the investigation is to show that you are a participant, that you are either a joint employer or an alter ego. Okay, but so should the government be able to just make that allegation without any preliminary showing and drag in companies from California and Washington State and make them appear in New York and be subject to attorney's fees? Or should there have to be some sort of showing first before we evaporate international shoe, which is the United States Constitution saying in every case. And don't forget Daimler, which comes out in 2011, says, guys, you only can sue them where they live. And that case, that's a U.S. Supreme Court case, postdates all of these cases they're talking about. Even the SEC ones. And says, listen, you can't just sue them willy-nilly. And the other thing that's very important about the SEC difference is that the NLRA does not say anywhere in it that if you serve them, it confers jurisdiction. The NLRB relies on Rule 4 for that. It says, hey, Rule 11 basically effectively is a statute allowing us to effectuate service. And then Rule 4 says if a statute allows service and you serve them anywhere in the United States, then jurisdiction is conferred. But there's a big problem. They never serve the summits. No, no. 161 is what gives them the authority to do this. And the federal rules recognize that a statute would override the rules where appropriate. But hang on. But 161 does not say it confers personal jurisdiction. It says you may serve them, correct? Yes, it says that they can serve and require evidence and testimony at any designated place. Correct. So that's service. Okay? And then if all that says is they can serve you anywhere and request documents anywhere, what is it that confers personal jurisdiction and overrides the constitutional rule? The answer is Rule 4. And if you look at Rule 4, it has a series of sections for different cases. And it says if summons is served in person or pursuant to a statute that authorizes nationwide service, then personal jurisdiction is found. The problem is they did not serve summons. None of those subparts of Rule 4 say service or if there's alternative service. Or I think they do say if service is waived. But they have to serve summons. And our point is, yes, we were served properly. If we had contacts with New York, perhaps it would have been appropriate and there would be jurisdiction. Because remember, service is necessary but not necessarily sufficient to confer jurisdiction. If you serve a party within the state lines of the state of New York, even if they're from Montana, you have jurisdiction. If you serve them in Montana but they're continuously and systematically doing business in New York, there's jurisdiction. But the mere fact of service in Montana, in most cases, does not confer jurisdiction. If there's a statute like the NLRA that says we can serve you anywhere, Rule 4 contemplates that and says if they serve summons pursuant to a government statute, that confers personal jurisdiction. That did not happen here and that's uncontested. Again, that inquiry question, I think you have to look at the statute in light of International Shoe and Daimler and say if Congress is going to carve out an exception to Daimler or International Shoe, there has to be some protection there. And if the party that you're seeking a subpoena against has no connection whatsoever with the underlying facts or the underlying litigation, then that should be taken into account. I do want to address a couple of confusions about where cases took place. There was a prior subpoena enforcement action in the Southern District of New York prior to the hearing on the unfair practice. The inquiry was about the unfair practice, and to the best of my recollection, the only respondent was New York Party Shuttle and New York Kennedy. So, yes, that subpoena enforcement action took place in New York. The proceeding took place in an administrative court and was appealed to the Fifth Circuit Court of Appeals. That's why the Fifth Circuit is the one that affirmed and, I guess, modified the respondents, not the parties today, but the respondents in the underlying proceeding. Appealed it to the Fifth Circuit. So they could have presumably appealed it either place? Any circuit, believe it or not. We were surprised to learn you can appeal in any circuit. So they chose the Fifth Circuit. The subpoena enforcement proceeding in the Southern District of Texas is not different. It was against a different party. The subpoena was issued to Bank of America. Guess why? To receive personal confidential bank records for the purposes of finding alter ego defendants. And the Southern District of Texas was about to rule that this is a violation of certain statutes, and the NLRB pulled back the subpoena. But to me, that invokes the jurisdiction of the Southern District for purposes of subpoena enforcement for this inquiry, which is, is somebody else's lie? All right. Well, we will reserve decision. Thank you both.